■ ELSIE DOWD, Respondent, v OWEN H. DOWD, Appellant.— Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 25, 1991, as resettled by an order entered April 16, 1991, which, *inter alia,* reduced the defendant's child support obligation to $2,000 a month retroactive to the motion date and discontinued his maintenance obligation as of February 25, 1991, unanimously modified, on the law, the facts and in the exercise of discretion, to reduce the defendant's child support obligation to $1,000 a month retroactive to the motion date and to discontinue maintenance as of the motion date, and otherwise affirmed, without costs. The Administrative Judge of the Supreme Court, New York County, is directed to reassign this matter to another Justice of that court for further proceedings.

Pursuant to a judgment of divorce entered December 12, 1986, the defendant was directed to pay the plaintiff $2,134 a month for child support, to pay the child's educational, medical, dental and health related expenses and monthly maintenance of $3,205. The defendant's motion for a downward modification of maintenance and child support was granted by the Supreme Court to the extent that child support payments were reduced to $2,000 per month, retroactive to the date of the motion, and the defendant's maintenance obligation was discontinued as of February 25, 1991.

On appeal, the defendant contends that the amount of child support awarded was excessive and that his maintenance obligation should have been discontinued as of the date of his motion rather than as of February 25, 1991. A review of the record supports the defendant's contentions.

Domestic Relations Law § 236 (B) (9) (b) provides: "Upon application by either party, the court may annul or modify any prior order or judgment as to maintenance or child support, upon a showing of * * * a substantial change in circumstances * * * including financial hardship." The record reveals that the defendant, a commissioned salesman of secu-

rities, suffered a loss in income due to changes in world affairs affecting his clients. The plaintiff's financial condition, on the other hand, has improved. An additional change in circumstance has occurred with regard to the child's schooling since she has been approved by the Board of Education as a funded child as of September of 1991. Neither the plaintiff nor the defendant will be responsible for the cost of her schooling, summer camp or therapy for the next three years. In consideration of the above factors, the Supreme Court should have exercised its discretion to modify the child support payments to $1,000 a month (see, Rockwell v Rockwell, 67 AD2d 892; Kansky v Kansky, 150 AD2d 525).

In addition, the discontinuance of maintenance should have been ordered retroactive to the date of the defendant's motion for downward modification (Domestic Relations Law § 236 [B] [9] [b]). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.