■ In the Matter of MARVIN GLINSKI, Appellant, v SUZANNE M. GLINSKI, Respondent. [606 NYS2d 468] —Order unanimously reversed on the law without costs, petition granted and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: The Hearing Examiner's conclusion that petitioner was not entitled to a downward modification of child support is against the weight of the evidence. The record shows that in 1991 petitioner was laid off from employment as a computer systems analyst at a company in West Seneca, where he earned $41,000 a year. He was found eligible for unemployment benefits of $280 per week, which he received from April to October 1991. Throughout that time, however, his expenses were $470 a week, including child support payments; he had to borrow the difference from members of his family, and subsequently filed a chapter 7 (US Code, tit 11) bankruptcy proceeding. The record amply demonstrates that petitioner made diligent and persistent efforts to obtain employment in the computer field via numerous letters to potential employers, newspaper ads and

job interviews both in and outside the Buffalo area, but was unsuccessful. Indeed, he was about to apply for public assistance. Petitioner proved that he was entitled to a downward modification of his child support obligation *(see, Dowd v Dowd,* 178 AD2d 330; *Andre v Andre,* 78 AD2d 974).

The matter is remitted to Family Court for proof of petitioner's current financial situation and a determination of petitioner's obligation for child support. (Appeal from Order of Erie County Family Court, LoRusso, J.—Child Support.) Present—Pine, J. P., Balio, Doerr and Boehm, JJ.