■ In the Matter of MICHAEL MEYER, Respondent, v ROBERTA MEYER, Appellant. [614 NYS2d 42] —In a proceeding pursuant to Family Court Act article 4 for downward modification of child support, the mother appeals from an order of the Family Court, Westchester County (Tolbert, J.), entered June 15, 1992, which denied her objections to an order of the same court (Mrsich, H.E.), entered April 23, 1992, which granted the father's petition and reduced child support to $50 per month.

Ordered that the order entered June 15, 1992, is reversed, without costs or disbursements, the mother's objections to the order entered April 23, 1992, are sustained, the order entered April 23, 1992, is vacated, and the matter is remitted to the Family Court, Westchester County, for a new determination as to child support in accordance with the Child Support Standards Act (Family Ct Act § 413), and for a determination of arrears, if any.

We agree with the Family Court that the father's loss of employment constituted a change of circumstances which warranted a downward modification of his child support obligation (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Glinski v Glinski, 199 AD2d 994; Matter of Preischel v Preischel, 193 AD2d 1118; Dowd v Dowd, 178 AD2d 330). The evidence in the record supports the Hearing Examiner's finding that the father lost his job through no fault of his own and had diligently sought reemployment in his field. The father's child support obligation of $1,650 a month was based on his annual salary of $110,000, and, at the time of the hearing, he was receiving unemployment insurance benefits.

Effective July 25, 1990, application of the guidelines in the Child Support Standards Act (CSSA) (Family Ct Act § 413) is mandatory, rather than permissive, in modification applications (see, Matter of Alice C. v Bernard G. C., 193 AD2d 97; Matter of Howard v Howard, 186 AD2d 132; Matter of Rathbun v Winchell, 183 AD2d 948; Family Ct Act § 413 [1] [b] [1]). There is nothing in the record to indicate that the court applied the CSSA guidelines in setting the father's child support obligation at $50 a month, and, in particular, whether it considered other sources of income which could be imputed to the father in light of his significant assets (see, Family Ct Act § 413 [1] [b] [5]). Accordingly, the matter is remitted to the Family Court, Westchester County, for recalculation of the

child support award pursuant to the CSSA guidelines. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.