OPINION OF THE COURT
Kenneth W. Rudolph, J.
In this consolidated matrimonial action the plaintiff wife in action No. 1 (May 1994) sues for monetary judgment against defendant husband for failure to provide child support and summer activity expenses pursuant to the terms of a written separation agreement dated November 1983, and a subsequent modification agreement dated April 1987.
The husband as plaintiff in action No. 2 (June 1994) sues for judgment of divorce and an order to provide child support pursuant to the provisions of the Child Support Standards Act (CSSA). The wife in action No. 2 contests the granting of a divorce upon the grounds that the husband has failed to comply with the terms of the separation agreement, as modified, or in the alternative requests that the agreements between the parties be incorporated and not merged into any judgment of divorce, and that a further award be made for health care benefits and educational expenses.
Neither party seeks an award of maintenance nor requests a determination of equitable distribution of marital assets. At issue is the wife’s claims for arrears in child support, educational expenses and health benefits; the husband’s request for judgment of divorce based upon a prior written separation agreement as modified; and the question whether the court may and should apply the CSSA to determine child support even though a separation agreement entered into prior to the Act becoming law provides for support in excess of the amount that would be allotted under CSSA.
FINDINGS OF FACT
Francine R. Cefola (hereinafter referred to as the wife) and Daniel J. Cefola (hereinafter referred to as the husband) were married on June 15, 1975. They are over the age of 18, and residents of the State of New York for a continuous period of more than one year prior to the commencement of these proceedings.
There are two issue of this marriage, to wit: Anthony Cefola (date of birth June 22, 1976) and Dean Cefola (date of birth Oct. 3, 1977).
*572 Since November 11, 1983 the parties have lived separate and apart pursuant to the terms of a written separation agreement which was modified by further agreement dated April 30, 1987.
The children of this marriage have exclusively resided with the wife since the date of separation.
Child support provisions of the agreements provide, inter alla, that "while the children of the marriage are unemancipated” the husband shall pay to the wife base child support plus an annual increase based upon an agreed formula. Pursuant to the terms of the agreements for the calendar year 1994 child support is $1,514.24 per month; and for the calendar year 1995 child support is $1,574.81 per month.
The husband has paid child support pursuant to this provision of the agreement from 1983 to April 1994.
The testimony supports the conclusion that the husband, in anticipation of company downsizing, opted to retire from IBM in April 1993. As part of his retirement package the husband received one year’s severance pay. During that ensuing year he continued to make child support payments except he failed to provide for the annual increase due during the months of January through April 1994 (husband paid $1,456 instead of $1,514.24 having a deficit of $232.96). In April 1994 the husband tendered to the wife reduced support payments of $215.06 per month based upon his reduced income and in reliance upon the CSSA. The wife rejected the tender of reduced child support and returned the same to the husband.
The credible evidence adduced at the trial of this action supports the conclusion that the husband’s voluntary retirement from IBM was not calculated to avoid his responsibility for child support payments, and that, if anything, it was an unfortunate turn of events with IBM that caused him to leave this employment.
The modification agreement dated April 30, 1987 provides that the husband shall pay a sum of monies for summer activities, which the parties "shall attempt to agree on” (modification agreement, art III, para 3, at 5). The wife claims the husband owes $28,350 in unpaid summer activities costs based upon the costs of summer programs at a selected day camp for the years 1991 through 1995. The children, however, did not enroll in such summer activities nor did the wife incur any actual expenses in connection with such program. Prior to *573 1991 the husband did in fact pay for summer activity programs for the children that were actually incurred. The wife now makes claim for costs that were not incurred by anyone. Further, the children never participated in summer programs during the subject years. This claim is without merit and deserves no further consideration.
The husband’s statement of net worth dated August 1994 represents his income at $18,500 per annum as a self-employed computer consultant. The husband testified that he is now gainfully employed at a fixed hourly rate with an annual income of $17,160. The credible testimony at the trial of this action established that husband’s current annual income including interest income and gains on investments to be $19,500 per annum. Further, the husband, as a bona fide computer expert, has the experience and capability to earn additional money as a private consultant. At the time of his retirement from IBM the husband earned in excess of $80,000. The husband suffers from no disability that would prevent him from full-time employment and his career potential is far in excess of his present personal income.
The wife’s statement of net worth dated November 1994 represents her income to be $5,220 per annum. The wife’s 1994 tax return lists an adjusted gross income of $10,360. Further, the wife testified that her current annual income was increased to $25,000.
Pursuant to CSSA the parties would be obligated to apportion 25% of their gross income (less FICA) towards child support. In the absence of other considerations and based upon the reported income of the parties, the obligation for each parent would be approximately 50% of the total support obligation.
The husband has substantially performed his obligations under the terms of the separation and modification agreements through April 1994 and tendered support payments consistent with the CSSA since that time. Further, the husband submits that he has and will take all steps within his power to remove all barriers to the wife’s remarriage in the event a judgment of divorce is granted by this court.
The children of this marriage are 19 (Anthony) and 18 (Dean) years of age. The oldest child is attending college (Ithaca), and the youngest is about to enroll in Rockland Community College. The children, in fact, and as defined in the separation agreement (art VI), are "unemancipated”.
*574 CONCLUSIONS OF LAW
The wife’s claim for judgment against the husband in action No. 1 for failure to pay for summer activities of the infant issue of this marriage in the sum of $28,350 is without merit.
In action No. 2, the husband is entitled to a judgment of divorce, the parties having lived separate and apart for more than 10 years pursuant to the terms of a separation (and modification) agreement, and the husband having substantially complied with the terms of said agreements during the period of separation.
The law has long since provided that since "minor children are not parties to a separation agreement executed by their parents * * * the courts are not bound by the support provisions contained in a separation agreement, but are required to provide for the support and welfare of minor children as justice requires.” (Moat v Moat, 27 AD2d 895, 896 [1967].)
Equally important, the courts of this State will not disturb adequate support provisions of a separation agreement absent "an unanticipated and unreasonable change in circumstances”. (Matter of Boden v Boden, 42 NY2d 210, 213 [1977].)
Thus, the court has power to modify the provisions for child support taking into consideration the financial status of the husband and wife and the best interests of the children.
In the case at bar, the husband sues for divorce based upon a written (1983) separation agreement, as modified, and argues that the court must apply the CSSA (Domestic Relations Law § 240) to award child support.
The separation agreement entered into between the parties, as modified, is the very nexus of the husband’s action for divorce. The court having found that the husband substantially complied with the terms of these agreements, and having further determined that the husband is entitled to a divorce thereon, concludes that the separation agreement (Nov. 11, 1983), pursuant to article X (subd 2) thereof, shall be incorporated in the judgment of divorce "but shall nevertheless not be deemed merged therein”.
Further, the evidence presented at the trial of this action has established that an unanticipated and unforeseen change in circumstances in the husband’s earnings requires this court to modify the provisions for child support contained in the separation agreement. (Matter of Boden v Boden, supra.)
It is upon this basis that the court must now turn to the *575 CSSA for guidance. The Act represents important public policy and should be applied when the court considers modification of support provisions contained in a separation agreement even though the agreement was entered into prior to the effective date of the Act. "Effective July 25, 1990, application of the guidelines in the [CSSA] is mandatory, rather than permissive, in modification applications” (Matter of Meyer v Meyer, 205 AD2d 784 [1994]).
"[A] proper award of child support is not necessarily based upon a parent’s actual income but may be based upon his earning potential” (Liadis v Liadis, 207 AD2d 331, 332 [1994]). The reduction of the husband’s income is by no means indicative of a permanent status or limited earning potential. Further, the husband’s income taxes demonstrate his ability to earn additional monies as a private consultant in his field of expertise. These factors together with the best interests of the children of this marriage require the court to reasonably evaluate this earning potential so as to place the same within the CSSA guidelines. Upon all the credible evidence before this court it is determined that the husband’s present earning potential is $40,000 per annum.
Upon the foregoing and pursuant to the CSSA (Domestic Relations Law § 240 [$65,000 less FICA = $60,027.50 x .25% = $15,006.875]) the husband is obligated to pay 62% of the total child support and the wife is responsible to pay 38%.
JUDGMENT
(1) The wife’s action against the husband (action No. 1) for summer activity expenses is dismissed.
(2) The husband’s action against the wife (action No. 2) for a judgment of divorce is granted.
(3) The separation agreement, as modified, is incorporated into the judgment of divorce but shall not be deemed merged therein.
The provisions for child support contained in the separation agreement, and modification agreement, are further modified by this court as follows: (a) Retroactive to June 1994, the husband shall pay to the wife the monthly sum of $387.68 for each child of this marriage until such time that child shall become emancipated as more particularly defined in the separation and modification agreements aforesaid, (b) The husband shall commence future monthly support payments effective *576 June 15, 1995, and monthly thereafter on the 15th day of each month during the period of this obligation.
(4) The wife shall recover from the judgment for arrears in child support as follows: (a) for the period of January through April 1994 the sum of $215.06; for the period of May 1994 $1,514.24; (b) for the period of June 1994 through May 1995 the sum of $9,304.20 ($775.35 X 12 months).
Any relief not specifically granted herein is denied.