■ FRANCINE R. CEFOLA, Appellant, v DANIEL J. CEFOLA, Respondent. (Action No. 1.) DANIEL J. CEFOLA, Respondent, v FRANCINE R. CEFOLA, Appellant. (Action No. 2.) [647 NYS2d 810] —In an action for a divorce and ancillary relief (Action No. 2) which was consolidated with an action by the wife against the husband for damages due to a breach of a separation agreement (Action No. 1), the wife. appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County (Rudolph, J.), entered September 7, 1995, as modified the parties' separation agreement to reflect the terms and conditions stated in a memorandum decision of the same court dated May 19, 1995, and awarded child support.

Ordered that the judgment is modified, on the law, by (1) deleting the third decretal paragraph thereof, and (2) deleting from the fourth decretal paragraph thereof, after the words "for child support", the words "contained in the Separation Agreement aforesaid and the Modification Agreement is further modified by this court", and substituting therefor the

word "are"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

We agree with the argument advanced by the wife that the Supreme Court erred to the extent that it purported to modify the terms of the underlying separation agreement (hereinafter the agreement) governing child support thereby depriving the wife of her contractual rights pursuant to that agreement *(see, Kleila v Kleila,* 50 NY2d 277; *Schelter v Schelter,* 159 AD2d 995; *Voss v Voss,* 132 AD2d 545).

The husband argues that the terms of the agreement governing child support are invalid because the agreement contains no provision stating that the parties had been advised of the terms of the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b] [h]; *Maser v Maser,* 226 AD2d 684; *Matter of Bill v Bill,* 214 AD2d 84; *Gonsalves v Gonsalves,* 212 AD2d 932; *Sloam v Sloam,* 185 AD2d 808; *cf., Matter of Contino v Ryan,* 193 AD2d 1057). We disagree.

As enacted in 1989 *(see,* L 1989, ch 567, § 7), Domestic Relations Law § 240 (1-b) (h) stated that "[a] validly executed agreement * * * entered into between the parties after the effective date of this subdivision * * * shall include a provision stating that the parties have been advised of the provisions of this subdivision". By its terms, this statute governs only agreements entered into after the effective date of the Child Support Standards Act *(see,* L 1989, ch 567, § 15). Further, as enacted in 1989, Domestic Relations Law § 240 (1-b) (h) stated that "[n]othing contained in this subdivision shall be construed to alter the rights of the parties to enter into validly executed agreements".

The parties herein entered into their original separation agreement in 1983. They modified this agreement in 1987. Compliance with Domestic Relations Law § 240 (1-b) (h) was not required. Therefore, the agreement, as modified, was fully valid.

We have examined the wife's remaining contentions, and find them to be without merit. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur. *[See,* 165 Misc 2d 570.]