■ In the Matter of JOHN MORENA, Appellant, v HELEN MORENA, Respondent. [700 NYS2d 214] —In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Orange County (Bivona, J.), entered September 15, 1998, as sustained the mother's objection to that part of an order of the same court (Braxton, H.E.), dated July 22, 1998, which granted his petition for a downward modification of his child support obligation.

Ordered that the order entered September 15, 1998, is reversed insofar as appealed from, the mother's objection to that part of the order dated July 22, 1998, which granted the father's petition for a downward modification of his child support obligation is denied, and the matter is remitted to the Family Court, Orange County, for a new determination in accordance herewith.

We agree with the Hearing Examiner that the father's loss of employment constituted a change of circumstances which warranted a downward modification of his child support obligation (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Glinski v Glinski, 199 AD2d 994; Matter of Preischel v Preischel, 193 AD2d 1118; Dowd v Dowd, 178 AD2d 330). The evidence supports the determination that the father lost his job through no fault of his own and diligently sought reemployment in his field. Therefore, the Family Court erred in vacating that part of the order of the Hearing Examiner dated July 22, 1998, which granted the father's petition for a downward modification of his child support obligation.

The Hearing Examiner calculated the father's income based on the erroneous assumption that he had received 10 bi-weekly paychecks instead of five. It is unclear, moreover, whether the Hearing Examiner considered the amount of unemployment insurance benefits actually received by the father (see, Family Ct Act § 413 [1] [b] [5] [iii] [C]). Therefore, the matter is remitted to the Family Court for a recalculation of the father's child support obligation in accordance with the CSSA and a determination as to whether the father is entitled to make reduced support payments after October 6, 1998, when he allegedly obtained new employment. Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.