■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of MELISSA P. BOSCIA, Respondent, v ROBERT W. ROSS, Appellant. [751 NYS2d 750] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Dickerson, J.),

dated May 1, 2002, which denied his objections to an order of the same court (James, H.E.), entered October 31, 2001, which, after an inquest held upon his default, imputed income to him in the sum of $2.5 million per year, set his child support obligation at $10,000 per month, and awarded the mother arrears in the sum of $190,000.

Ordered that the order dated May 1, 2002, is affirmed, with costs.

The subject child was born in August 1999, at which time the father acknowledged paternity. Several months later, the child became eligible for public assistance, and in June 2001 the Department of Social Services filed a petition on behalf of the mother seeking an order of support. The matter was scheduled for a hearing to take place in July 2001, and an attorney purportedly representing the father accepted service on his behalf and adjourned the matter twice. The father never provided any financial disclosure to the opposing parties as requested, and neither the father nor his attorney appeared at the hearing scheduled for October 3, 2001, which proceeded to an inquest.

The father filed objections contending that he never actually retained the attorney purportedly representing him, and that he did not appear at the hearing because the mother told him that she was withdrawing the petition. In addition, for the first time, the father provided documents to support his contention that he earns less than the income imputed to him.

Contrary to his argument on appeal, the father did not demonstrate a reasonable excuse for his default (see CPLR 5015 [a] [1]; Conner v Conner, 240 AD2d 614). Furthermore, the father provided no explanation for his failure to comply with financial disclosure (see Family Ct Act § 424-a). Therefore, to the extent that the father seeks to vacate the default, such relief is unwarranted.

Under the particular circumstances of this case, there was sufficient proof set forth of the father's income.

The father's remaining contention is unpreserved for appellate review. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.