In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Suffolk County (Plosky, H. E.), entered July 9, 2002, which, upon a decision of the same court dated June 13, 2002, made after a hearing, inter alia, denied his petition for downward modification of his child support obligation and found that he willfully failed to obey an order of child support. The father’s objections to the order pursuant to Family Court Act § 439 (e) were denied by order of the Family Court, Suffolk County (Sweeney, J.), entered November I, 2002.
*360 Ordered that the order is modified, on the law and the facts, by deleting the second, third, fifth, and seventh decretal paragraphs thereof and adding thereto a provision granting the father’s petition for downward modification; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, so much of the order entered November 1, 2002, as denied the objections to so much of the order entered July 9, 2002, as denied the petition for downward modification of the father’s child support obligation is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.
The parties were divorced by judgment dated July 12, 2000. A stipulation settling their matrimonial action was incorporated, but not merged in the judgment. Pursuant to the stipulation, the father, who at the time had an annual income of approximately $132,000, agreed to pay child support in the sum of $538 per week for the parties’ three children. The weekly child support payment would increase to $641.50 upon termination of his maintenance payments to the mother. Either party could seek modification of the child support provisions in the stipulation based upon “a substantial change in financial circumstances.” In July 2001 the mother commenced an enforcement proceeding which resulted in an order dated August 14, 2001, continuing the father’s obligation to pay child support in the sum of $641.50 per week.
The father’s employment as a reporter with WWOR-TV was terminated on October 26, 2001. He received severance pay in the net amount of $21,273.38 but did not make any child support payments. In November 2001 the mother commenced an enforcement proceeding seeking, inter alia, a finding that the father had willfully failed to obey the order of support. By petition dated December 17, 2001, the father sought downward modification of his child support obligation.
At a hearing held in May and June 2002, the father testified that he received unemployment benefits in the sum of $445 per week for a period of six months. He also testified about the numerous efforts he made to secure employment. In April 2002 he obtained part-time employment with News 12 Long Island, earning approximately $21 per hour. His average income at the time was $500 per week.
By order entered July 9, 2002, the Hearing Examiner, inter alia, found that the father willfully violated an order of support and dismissed his petition for downward modification. His objections to the order were subsequently denied.
Loss of employment may constitute a change of circumstances *361 warranting a downward modification of child support where a parent has diligently sought re-employment (see Reynolds v Reynolds, 300 AD2d 645 [2002]; Matter of Meyer v Meyer, 205 AD2d 784 [1994]). The evidence at the hearing demonstrated that the father’s employment was terminated through no fault of his own and that he diligently made a good-faith effort to obtain employment in his field. Consequently, the Hearing Examiner should have granted his petition for downward modification (see Matter of Morena v Morena, 267 AD2d 388 [1999]; Matter of Meyer v Meyer, supra; Matter of Glinski v Glinski, 199 AD2d 994 [1993]). Accordingly, we remit the matter to the Family Court, Suffolk County, for a further hearing regarding the parties’ financial circumstances and a determination of the father’s reduced obligation for child support.
However, the evidence supports the Hearing Examiner’s finding that the father’s failure to pay child support was willful. He received severance pay of approximately $21,000 and yet made no child support payments and did not seek downward modification until the mother commenced an enforcement proceeding. Under the circumstances, the Hearing Examiner properly concluded that the father’s violation of the support order was willful and directed the entry of a money judgment (see Matter of Feliciano v Nielsen, 282 AD2d 783 [2001]; Matter of Modica v Thompson, 258 AD2d 653 [1999]; Family Ct Act § 454 [2] [a]). However, in light of our determination that the father was entitled to downward modification as of the date he made his application for such relief, we also remit the matter for a recalculation of arrears.
As to the father’s contention that he was denied the effective assistance of counsel, in the context of civil litigation, a claim of ineffective assistance of counsel will not be entertained where, as here, extraordinary circumstances are absent (see Matter of Saren v Palma, 263 AD2d 544 [1999]).
The father’s remaining contention is not properly before the Court on this appeal. Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.