Matter of J.S. v R.A.S. (2006 NY Slip Op 50331(U))

[*1]

Matter of J.S. v R.A.S.

2006 NY Slip Op 50331(U) [11 Misc 3d 1061(A)]

Decided on March 8, 2006

Family Court, Onondaga County

Hanuszczak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through March 20, 2006; it will not be published in the printed Official Reports.

Decided on March 8, 2006

Family Court, Onondaga County
In the Matter of J.S. v R.A.S.
F-06387-04/05B

Patricia C. Campbell, Esq., for petitioner. Respondent, pro se.

Michael L. Hanuszczak, J.
On February 23, 2006, the attorney for the petitioner filed an Objection in connection with the Findings of Fact and Order of Support, filed and entered on January 18, 2006. An Affidavit of Service has been filed with the Court, indicating that a copy of the Objection was served by mail on the respondent.
On March 1, 2006, the petitioner filed a separate objection titled "Objections to Order of Hearing Examiner." Section 439 of the Family Court Act requires that any objection to an order of the Support Magistrate must be filed within 35 days of the mailing of the order. Court records indicate that the Order was mailed on January 20, 2006. As the petitioner failed to file his Objection in a timely manner, it is dismissed. However, the Objection filed on February 23, 2006 by the petitioner's attorney was filed in a timely manner and will proceed.
The petitioner filed the subject petition on July 8, 2005 seeking to vacate a Cortland County Family Court default order of support dated April 7, 1998. The petitioner appeared, together with his attorney, and the respondent appeared, having waived her right to counsel. A hearing was conducted on January 6, 2006.
After the hearing, the Support Magistrate dismissed with prejudice the petitioner's application to vacate the 1998 default order and modified the 1998 order of support. Through his attorney, the petitioner objects to that portion of the Support Magistrate's order stating that the default order cannot be reopened due to a lack of evidence concerning the petitioner's earnings when he was employed.
Courts have long held that a party seeking to vacate a default order of support must establish both a reasonable excuse for the default and a meritorious defense to the action. (Wrighton v. Wrighton, 23 Ad2d 669; Oliphant v. Oliphant, 21 AD2d 376.) During the hearing, there was no credible evidence that the petitioner had a reasonable excuse for his non-appearance at the 1998 support hearing even though the petitioner testified that he may have been incarcerated on that date. A review of the case file reveals that on November 24, 1999 the petitioner filed a sworn petition for modification of the order in which he states that he has been incarcerated since May 3, 1998, which is after the date of the 1998 default order. However, even if this Court were to accept the petitioner's assertion that he had a reasonable excuse for his default, his application to vacate the default order must fail since he failed to establish a meritorious defense to that support action.
Section 424-a of the Family Court Act requires compulsory financial disclosure by both parties in a support action. Financial disclosure was also required by the Cortland County Hearing Examiner in his "Temporary Order of Support on Default, " dated January 14,1998. There is no evidence that the respondent complied with the directive to submit financial information. Lacking any financial information from the respondent, the Court correctly based the 1998 default order of support upon the respondent's share of the needs of the children as established by the amount of public assistance the children of the petitioner were receiving. (Kondratyeva v. Yapi, 13 AD3d 376.)
In the instant proceeding, the petitioner's defense to the 1998 support order is that he was [*2]"either disabled, on public assistance, and/or incarcerated." In the absence of financial information relevant to the 1998 support order or a credible explanation of why the petitioner did not comply with financial disclosure at that time, the petitioner did not meet his burden of establishing a meritorious defense to the 1998 support order. (Commissioner of Social Services v. Ross, 300 AD2d 395.)
The petitioner presented no credible evidence showing that he was disabled and unable to work during the time in question; nor was there any evidence showing that the petitioner received public assistance benefits after he conducted a diligent job search. (Morena v. Morena, 267 AD2d 388.) Finally, incarceration is not a defense to an order of support based upon the children's needs
as it is well settled that parents may not evade responsibility for child support when their financial difficulties result from their own misconduct. (Knights v. Knights, 71 NY2d 865.)
Accordingly, the petitioner's Objection is denied. So Ordered.