In the Matter of YVETTE GETTY, Appellant, v DONALD GETTY, Respondent. [920 NYS2d 673]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Marks, J.), dated December 7, 2009, which denied her objections to an order of the same court (Bannon, S.M.), dated June 10, 2009, which, after a hearing, denied her petition for a downward modification of her child support obligation.

Ordered that the order dated December 7, 2009, is reversed, on the law and the facts, with costs, the mother's objection is sustained, the order dated June 10, 2009, is vacated, and the matter is remitted to the Family Court, Nassau County, for a new hearing before a different support magistrate on the issue of the parties' financial circumstances, a new determination thereafter of the mother's reduced obligation for child support, and a recomputation of arrears, if any, retroactive to June 18, 2008.

The Support Magistrate's determination that the mother was not entitled to a downward modification of her child support obligation is not supported by the record. Although the mother was earning approximately $50,000 annually as of September 2007 when the Support Magistrate directed her to pay the sum of $200 per week to the father in child support for their two children, the record reflects that the mother, who resides in Michigan, lost her job in April 2008 through no fault of her own. The record further reflects that the mother has diligently sought reemployment, and has been supporting both herself and a third child (who is not related to the father and for whom the mother does not receive child support) through unemployment benefits totaling $362 per week. We note that the mother's current income may be below the relevant poverty income guidelines amount (see Family Ct Act § 413 [1] [d], [g]). By contrast, the combined annual income of the father and his current wife exceeds $150,000.

Since the mother established a substantial change of circumstances warranting a downward modification, the Family Court should have sustained her objection (see Matter of Brennan v Burger, 63 AD3d 922, 923 [2009]; Matter of Ketcham v Crawford, 1 AD3d 359, 360-361 [2003]; Matter of Morena v Morena, 267 AD2d 388, 389 [1999]; Rosen v Rosen, 260 AD2d 361 [1999]; Matter of Meyer v Meyer, 205 AD2d 784 [1994]; Matter of Glinski v Glinski, 199 AD2d 994, 994-995 [1993]). We note that the

Support Magistrate who conducted the hearing did not evince sufficient objectivity in the course of the hearing. Accordingly, we remit the matter to the Family Court, Nassau County, for a new hearing before a different support magistrate on the issue of the parties' financial circumstances, a new determination thereafter of the mother's reduced obligation of child support, and a recalculation of her arrears, if any, retroactive to June 18, 2008, the date that the mother applied for relief. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.