■ MITCHELL GUSLER, Appellant, v CRIS GUSLER, Respondent.—Weiss, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered February 4, 1991 in Rockland County, which, *inter alia,* denied plaintiff's motion for a modification of his child support obligations.

Plaintiff, a certified public accountant, and defendant, a registered nurse, sought counseling in coping with their marital difficulties. In early 1987, with the guidance of an attorney from the counseling center, the parties entered into a separation agreement followed by a consensual default judgment of divorce which incorporated but did not merge with the agreement. Neither party sought independent representation. Plaintiff subsequently remarried and, after the birth of a new child, contended that his child support obligations were burdensome and adversely affected his ability to support himself and his new family.

By notice of motion dated October 16, 1990, plaintiff sought postjudgment modification of his child support obligation. Supreme Court incorrectly held that it lacked jurisdiction to modify the separation agreement absent a plenary action, citing *Darragh v Darragh* (163 AD2d 648). Finding that plaintiff had not demonstrated a convincing change of income and that the expenses of a new family could have been reasonably anticipated, the court summarily denied his motion to modify the divorce judgment. This appeal followed.

Contrary to Supreme Court's determination, a child support provision based on a separation agreement incorporated in a judgment of divorce but not merged therein may be modified within the matrimonial action if it was unfair and inequitable

when entered into or if an unreasonable and unanticipated change of circumstances has occurred *(see, Merl v Merl,* 67 NY2d 359, 362). Plaintiff contends both that the agreement was unfair when made and that the subsequent change in his circumstances satisfy these criteria entitling him to a hearing, while defendant contends that the facts stated by plaintiff are insufficient as a matter of law.

For purposes of determining whether plaintiff is entitled to a fact-finding hearing, we examine his affidavit* to determine if an issue of fact has been raised *(see, David W. v Julia W.,* 158 AD2d 1, 7). Under the circumstances alleged by plaintiff, we find he has failed to make a prima facie showing of an unfair and inequitable agreement which warrants a hearing *(see, supra).* Plaintiff's conclusory allegations that he did not understand the financial impact of the agreement, that defendant was overreaching and that the neutral mediation consultant was in fact representing defendant are not supported by facts in the record *(see, Patti v Patti,* 146 AD2d 757). While plaintiff agreed to a generous child support obligation, he has failed to set forth sufficient facts demonstrating that it was unfair in either the context of the entire agreement or with respect to his available income and resources at the time.

We reach the same conclusion with respect to plaintiff's second basis for a child support modification. His remarriage, new family, unexplained relatively minor changes in income, coupled with his ever-increasing child support requirements and his increased debts, are generally not unanticipated and unreasonable changes which necessitate reallocation of negotiated child support, absent other factors not shown to exist here.

Yesawich Jr., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We reject defendant's contention that the motion is procedurally defective because of the format used in plaintiff's supporting affidavit. Plaintiff verified the truth of matters set forth upon his personal knowledge which have been properly stated in a factual manner.