■ In the Matter of HARVEY DIAMOND, Appellant, v VICKI DIAMOND, Respondent. [678 NYS2d 127] —In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Westchester County (Tolbert, J.), dated August 22, 1997, which denied his objections to an order of the same court (Mrsich, H.E.), dated March 27, 1997, which, after a hearing, (1) denied that branch of his petition which was for a downward modification of his maintenance payments to the respondent, his former wife, and (2) granted that branch of the petition which was to direct the former wife to pay child support to him only in the sum of $25 per month.

Ordered that the order dated August 22, 1997, is modified by deleting the provision thereof which denied the petitioner's objections to that portion of the order dated March 27, 1997, which directed the former wife to pay $25 per month in child support, and substituting therefore a provision granting the petitioner's objections to that portion of the order dated March 27, 1997; as so modified, the order dated August 22, 1997, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

The petitioner father, the custodial parent of the parties' three children, filed a petition seeking to reduce the maintenance he paid to the respondent, his former wife, pursuant to the parties' divorce judgment. He also sought child support from the respondent. The respondent filed no financial disclosure as required by Family Court Act § 424-a and failed to appear for the hearing. The Hearing Examiner denied the

petitioner's request for downward modification of his maintenance obligation and, upon concluding that the respondent had no income, ordered that she pay $25 per month in child support. The petitioner filed objections to the Hearing Examiner's order, alleging, *inter alia,* that the Hearing Examiner erred in concluding that the respondent had no income and in failing to impute income to her. The Family Court rejected the petitioner's objections, and we now modify that order.

The Hearing Examiner properly denied the petitioner's request for a downward modification of his maintenance obligations. Although the petitioner asserts that he left his job at which he earned $120,000 per year to open up a car wash, and his income was subsequently reduced to approximately $13,000 per year, a voluntary decision to reduce one's income is not a proper change of circumstances sufficient to warrant a reduction in maintenance (*see, Matter of Doyle v Doyle,* 230 AD2d 795, 796; *Matter of Fleischmann v Fleischmann,* 195 AD2d 604).

However, in determining that the respondent had no income, the Hearing Examiner held that "maintenance is not defined as 'income' by FCA 413". This conclusion was erroneous. Included in the definition of "income" is "gross (total) income" (Family Ct Act § 413 [1] [b] [5] [i]), and such gross income, under the facts of this case, includes maintenance payments received by the respondent (*see,* 26 USC § 71 [b]; *Matter of Baldino v Baldino,* 232 AD2d 480).

Additionally, the Hearing Examiner concluded that the respondent had no income because she was presently unemployed. However, it is well-settled that "[c]hild support is determined by the parents' ability to provide for their [children] rather than their current economic situation" (*Matter of Zwick v Kulhan,* 226 AD2d 734; *see also, Matter of Collins v Collins,* 241 AD2d 725; *Matter of Doyle v Doyle, supra*). Thus, the Hearing Examiner may impute income to the respondent based on her earning capacity (*see, Kay v Kay,* 37 NY2d 632; *Matter of Zwick v Kulhan, supra*) and the respondent should not be relieved of her responsibility to support her children simply because she has declined to seek employment for the past eight years. Thus, it is necessary that a new determination be made regarding the respondent's child support obligations. Bracken, J. P., Thompson, Pizzuto and Altman, JJ., concur.