■ Marina Zabezhanskaya, Respondent, v Peter Dinhofer, Appellant. [710 NYS2d 639] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Satterfield, J.), dated September 9, 1998, which, inter alia, granted the plaintiff a divorce based upon cruel and inhuman treatment, denied his counterclaim for the same relief, granted sole custody of the parties' child to the plaintiff, imputed $150,000 in annual income to him, directed him to pay $456 per week in child support, child support arrears in the sum of $73,416 at the rate of $44 per week, and 44% of the reasonable health care expenses for the child which are not covered by insurance, and denied his applications for counsel and expert fees, and for equitable distribution.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting so much of the fifth decretal paragraph thereof as imputed $150,000 in annual income to the defendant and substituting therefor a provision imputing $80,000 in annual income to him; (2) deleting so much of the sixth decretal

paragraph thereof as directed the defendant to pay $456 in weekly child support and substituting therefor a provision directing him to pay $261 in weekly child support; (3) deleting so much of seventh decretal paragraph thereof as directed the defendant to pay child support arrears in the sum of $73,416; (4) deleting the eighth decretal paragraph; (5) deleting so much of the ninth decretal paragraph as directed the defendant to pay 44% of the reasonable health care expenses of the child not covered by insurance and substituting therefor a provision directing him to pay 33% of such expenses; and (6) deleting so much of the eleventh decretal paragraph as denied the defendant's application for an award of equitable distribution and substituting therefor a provision granting that application to the extent of directing that he receive a distributive award in the sum of $33,192.50; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a recalculation of the amount of child support arrears owed by the defendant and for the entry of an amended judgment accordingly.

The trial court's determination that the plaintiff was entitled to a divorce on the ground of cruel and inhuman treatment was based upon its evaluation of the parties' credibility and should not be disturbed (*see, Elkind v Berger,* 266 AD2d 339; *Soto v Soto,* 216 AD2d 455).

The record provides a sound and substantial basis for the court's custody determination (*see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89).

The trial court did not err in imputing income to the defendant in this case. In determining a party's child support obligation, a court need not rely on the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential (*see, Matter of Diamond v Diamond,* 254 AD2d 288; *Phillips v Phillips,* 249 AD2d 527; *Matter of Davis v Davis,* 197 AD2d 622). The amount of income imputed to the defendant, however, should be reduced to the extent indicated. Accordingly, under the circumstances, the provision of the judgment directing the defendant to pay 44% of the reasonable health care expenses for the parties child not covered by insurance is also modified.

The court erred in treating all of the funds held in the plaintiff's name as separate property since the plaintiff's earnings during the marriage were marital property (*see,* Domestic Relations Law § 236 [B] [1] [c]). Accordingly, the defendant is entitled to a distributive award in the sum of $33,192.50.

The defendant's remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and H. Miller, JJ., concur.