■ ALEXANDRA BEARD, Respondent, v WILLIAM BEARD, Appellant. [751 NYS2d 304] —In an action for a divorce and ancillary relief, the defendant husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered July 11, 2001, as denied his motion for a downward modification of his maintenance and child support obligations and granted that branch of the plaintiff wife's cross motion which was for leave to enter a judgment for maintenance and support arrears, and (2), from a judgment of the same court, dated August 8, 2001, which is in favor of the plaintiff and against him in the principal sum of $29,048.14.

Ordered that the appeal from that part of the order which granted the plaintiff wife's cross motion for leave to enter a judgment for maintenance and support arrears is dismissed, as that part of the order was superseded by the judgment dated August 8, 2001; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"The party seeking to modify the maintenance provisions of a judgment of divorce in which the terms of a stipulation of settlement have been incorporated but not merged, must demonstrate that the continued enforcement of the party's maintenance obligations would create an 'extreme hardship' (*Pintus v Pintus,* 104 AD2d 866, 867; see also, Domestic Relations Law § 236 [B] [9] [b]). With child support, the husband has the burden of establishing an 'unanticipated and unreasonable change in circumstances' (*Epel v Epel,* 139 AD2d 488). Moreover, where the application is one for a downward modification of child support, such a change in circumstances must be 'substantial' (see, *Nordhauser v Nordhauser,* 130 AD2d 561, 562; *Matter of Allen v Bowen,* 149 AD2d 828, 829)" (*Praeger v Praeger,* 162 AD2d 671, 673).

Although a parent's loss of employment may constitute a change of circumstances warranting a downward modification where he or she has diligently sought reemployment (*see Matter of Meyer v Meyer,* 205 AD2d 784), the proper amount of support payable is determined not by a parent's current economic situation, but by a parent's assets and earning powers (*see Matter of Fries v Price-Yablin,* 209 AD2d 1002; *Matter of Fleischmann v Fleischmann,* 195 AD2d 604). Thus, downward modification may be denied where the moving party has not made a good-faith effort to obtain employment commensurate with his or her qualifications and experience (*see Matter of Yepes v Fichera,* 230 AD2d 803).

Although it is undisputed that the defendant husband lost his job as a media salesperson through no fault of his own, the record supports the Supreme Court's determination that he subsequently failed to use his best efforts to obtain employment commensurate with his qualifications and experience (*see Matter of Kefeli v Kefeli,* 270 AD2d 490; *Matter of Dallin v Dallin,* 250 AD2d 847; *Matter of Heverin v Sackel,* 239 AD2d 418).

The defendant's remaining contention is without merit. Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.