■ In the Matter of MARY J. CLARKE, Respondent, v MICHAEL J. CLARKE, Appellant. [777 NYS2d 687]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Pessala, J.), dated April 25, 2003, which denied his objections to an order of the same court (Watson, H.E.), dated January 28, 2003, which, after a hearing, dismissed his petition for a downward modification of his child support and maintenance obligations.

Ordered that the order is affirmed, with costs.

The Family Court properly denied the father's objections to an order dismissing his petition for a downward modification of child support and maintenance obligations set forth in a stipulation of settlement incorporated but not merged in the parties' judgment of divorce (*see* Domestic Relations Law § 236 [B] [9] [b]; *Beard v Beard,* 300 AD2d 268 [2002]; *Brevetti v Brevetti,* 182 AD2d 606 [1992]). The father sought such modifications based on his re-employment at a substantially lower income than what he was earning at the time the stipulation was executed (*see Beard v Beard, supra; Matter of Meyer v Meyer,* 205 AD2d 784 [1994]). However, at the hearing, there was a failure of proof as to the exact circumstances under which the father lost his former employment, whether it was due to his fault, and whether he used his best efforts to obtain new employment

commensurate with his qualifications and experience (*see Beard v Beard, supra*). Accordingly, the Family Court properly dismissed his petition for a downward modification of his child support and maintenance obligations. Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.