■ In the Matter of NATALE D'ALTILIO, Appellant, v JOY I. D'ALTILIO, Respondent. [789 NYS2d 270]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), dated January 30, 2004, which, upon granting the mother's objections to an order of the same court (Mandel, S.M.), dated October 28, 2003, granting his petition for a downward modification of child support, denied his petition for a downward modification of child support.

Ordered that the order is affirmed, with costs.

The parties were divorced by judgment dated August 9, 2002, which included a stipulation that the appellant would pay the sum of $2,300 per month in child support. On March 17, 2003, the appellant filed a petition for a downward modification of child support due to his loss of employment. The Support Magistrate held a hearing on the matter, found that circumstances had sufficiently changed, and, by order dated October 28, 2003, granted the petition for a downward modification of child support. The respondent filed objections, and by order dated January 30, 2004, the Family Court vacated the order dated October 28, 2003, finding the appellant failed to present competent evidence that he used his best efforts to find employment commensurate with his experience.

Although a parent's loss of employment may constitute a change of circumstances warranting a downward modification where he or she has diligently sought re-employment, the proper amount of support payable is determined not by a parent's current economic situation, but by a parent's assets and earning power (see Beard v Beard, 300 AD2d 268, 269 [2002]). Thus, a petition for a downward modification may be denied where the moving party has not made a good-faith effort to obtain employment commensurate with his or her qualifications and experience (id.).

Here, the Family Court properly denied the appellant's petition for a downward modification of his child support obligation, since he failed to present any competent evidence to support his claim that he used his best efforts to obtain employment commensurate with his qualifications and experience (see

*Douglas v Douglas,* 7 AD3d 481, 482 [2004]). Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.