In the Matter of GEORGE J. NAVARRO, Appellant, v ELEANOR S. NAVARRO, Respondent. [797 NYS2d 520]—

In a child support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Nassau County (Marks, J.), dated May 12, 2004, which denied his objections to those portions of two orders of the same court (Cahn, S.M.), dated October 17, 2003, and October 21, 2003, respectively, as, after a hearing, denied his petition for a downward modification of his maintenance obligation and granted the respondent a money judgment for maintenance arrears.

Ordered that the order is affirmed, without costs or disbursements.

The parties were divorced by judgment dated May 21, 2002. The judgment incorporated the terms, including spousal support, of a stipulation of settlement entered into on March 26, 2002. The petitioner, who became unemployed 13 days before the date of the judgment, moved in July 2002 for a downward modification of his spousal support obligation. The motion was denied by the Support Magistrate, primarily on the ground that, since the petitioner's unemployment preceded the entry of judgment, there was no change of circumstances on which a modification could be based. The Support Magistrate also found that the petitioner had otherwise failed to establish his claim. The Family Court denied the petitioner's objections solely on the ground that there had been no change in circumstances.

The Family Court improvidently exercised its discretion in

denying the petitioner's objections solely on the ground that the petitioner's loss of employment preceded the entry of judgment. There is no evidence that the Supreme Court considered, or even was aware of, the petitioner's loss of employment before the judgment was entered. Since the judgment was entered on the basis of a stipulation of settlement that had been reached months before, and only a few days had passed since the petitioner's loss of employment at the time the judgment was entered, it is unlikely that the Supreme Court did so. Under these circumstances, the requested modification should not have been denied on this basis.

Nevertheless, the petitioner failed to establish at the hearing the circumstances under which he lost his former employment, whether it was due to his fault, and whether he used his best efforts to obtain new "employment commensurate with his qualifications and experience" (*Matter of Davis v Davis*, 197 AD2d 622, 623 [1993]). Therefore, the Family Court properly denied the petitioner's objections (*see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Clarke v Clarke*, 8 AD3d 272 [2004]; *Beard v Beard*, 300 AD2d 268 [2002]; *Matter of Catterson v Catterson*, 235 AD2d 420, 420-421 [1997]). Florio, J.P., Krausman, Spolzino and Lifson, JJ., concur.