■ In the Matter of CECILIA HEYWARD, Appellant, v PETER GOLDMAN, Respondent. [805 NYS2d 628]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Hamill, J.), dated July 26, 2004, as denied her objections to so much of an order of the same court (Milsap, S.M.) dated April 13, 2004, as, after a hearing, denied her petition for an upward modification of the father's child support obligation for the parties' child Christopher and granted the father's petition for a downward modification of his child support obligation for that child Christopher for the period beginning on January 17, 2002, and ending on June 24, 2002.

Ordered that the order dated July 26, 2004, is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the order dated April 13, 2004, as granted the father's petition for a downward modification of his child support obligation for the parties' child Christopher for the period beginning on January 17, 2002, and ending on June 24, 2002, and substituting therefor a provision granting that objection; as so modified, the order dated July 26, 2004, is affirmed insofar as appealed from, without costs or disbursements.

When a party seeks to modify the child support provision of a prior order or judgment, he or she must demonstrate a "substantial change in circumstance" (Domestic Relations Law § 236 [B] [9] [b]; *see Matter of Love v Love*, 303 AD2d 756 [2003]). In determining whether there has been a change in circumstances warranting an upward modification of support, the court must consider several factors including "the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (*Shedd v Shedd*, 277 AD2d 917, 918 [2000]). Under the circumstances presented here, the mother failed to present compelling proof of a substantial change in circumstances warranting an upward modification of support. Accordingly, the Family Court properly denied the mother's objection to so much of the Support Magistrate's determination as denied her petition for an upward modification of the father's child support obligation.

With respect to the father's petition, although a loss of employment can constitute a change in circumstances warranting a downward modification of child support (*see Matter of Morena v Morena*, 267 AD2d 388 [1999]), the father here failed to present competent proof that his change in circumstance was not of his own making (*see Matter of Clarke v Clarke*, 8 AD3d 272 [2004]), or that he thereafter "used his best efforts to obtain employment commensurate with his qualifications and experience" (*Matter of D'Altilio v D'Altilio*, 14 AD3d 701 [2005]; *see Matter of Davis v Davis*, 13 AD3d 623 [2004]; *Matter of Clarke v Clarke, supra; Matter of Yepes v Fichera*, 230 AD2d 803, 804 [1996]). Accordingly, the Family Court should have sustained the mother's objection to so much of the Support Magistrate's determination as granted the father's petition for a downward modification of his child support obligation. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.