In the Matter of ANDREW TERJESEN, Appellant, v DONNA TERJESEN, Respondent. [814 NYS2d 714]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Porzio, J.), dated May 6, 2005, which sustained the mother's objections to an order of the same court (Castaldi, S.M.) dated February 7, 2005, granting his petition for a downward modification of child support, vacated the order dated February 7, 2005, and reinstated a prior order of the same court (Castaldi, S.M.) dated October 20, 2004, directing him to pay weekly child support in the sum of $247.08.

Ordered that the order is modified, on the facts, by deleting from the penultimate paragraph thereof the amount $2,447.08 and substituting therefor the amount $247.08; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court properly sustained the mother's objections to the Support Magistrate's order granting his petition for a downward modification of his child support obligation. A court may modify a child support order derived from a stipulation of settlement that is incorporated but not merged into a judgment of divorce upon a showing of an unreasonable and unanticipated change in circumstances justifying the modification (see Matter of Davis v Davis, 13 AD3d 623 [2004], lv denied 5 NY3d 746 [2005]). "[A]lthough a loss of employment can constitute a change in circumstances warranting a downward modification of child support," the father failed to "present competent proof that his change in circumstance was not of his own making . . . , or that he thereafter 'used his best efforts to obtain employment commensurate with his qualifications and experience' " (Matter of Heyward v Goldman, 23 AD3d 468, 469 [2005] [internal citations omitted], quoting Matter of D'Altilio v D'Altilio, 14 AD3d 701 [2005]).

Furthermore, the Family Court properly rendered a decision on the mother's objections without the aid of a hearing transcript, since the Family Court reviewed the Support Magistrate's findings of fact, which summarized the testimony at the hearing (see Matter of Cook v Bornhorst, 230 AD2d 934 [1996]; Matter of Smith v Smith, 197 AD2d 830 [1993]).

We note that the order on appeal contains a scrivener's error,

and states that the Support Magistrate's order dated October 20, 2004, directs the father to pay $2,447.08 in weekly support, when that order in fact directs the father to pay $247.08 in weekly support. We therefore modify the order on appeal accordingly. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.