■ In the Matter of ELLEN PIERNICK, Respondent, v ROY NAZINITSKY, Appellant. [850 NYS2d 914]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated February 28, 2007, which denied his objections to an order of the same court (Cahn, S.M.), dated December 18, 2006, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, with costs.

A party seeking downward modification of a support obligation has the burden of showing a change in circumstances and that he used his best efforts to obtain employment commensurate with his qualifications and experience (*see Matter of Navarro v Navarro,* 19 AD3d 499, 500 [2005]; *Matter of Clarke v Clarke,* 8 AD3d 272 [2004]; *Beard v Beard,* 300 AD2d 268 [2002]; *Matter of Yepes v Fichera,* 230 AD2d 803 [1996]).

The record supports the Support Magistrate's finding that the father failed to establish a change in circumstances that would warrant a downward modification of his child support obligation (*see Matter of Muselevichus v Muselevichus,* 40 AD3d 997 [2007]; *Matter of Meyer v Meyer,* 205 AD2d 784 [1994]). In determining a change of circumstances, a court need not rely upon the party's account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential (*see Matter of Graves v Smith,* 284 AD2d 332 [2001]; *Zabezhanskaya v Dinhofer,* 274 AD2d 476 [2000]; *Matter of Diamond v Diamond,* 254 AD2d 288 [1998]). Finding that the father's tax return gave an incomplete picture of his finances, the Support Magistrate properly imputed income to him. Where issues of credibility are presented, the determinations of a hearing court are accorded great weight on appeal and will not be disturbed if, as here, they are warranted by the record (*see Matter of Wilkins v Wilkins,* 47 AD3d 823 [2008]; *Matter of Jackson v Shuler,* 292 AD2d 529, 530 [2002]; *Matter of Cattell v Cattell,* 254 AD2d 357 [1998]). Ritter, J.P., Santucci, Covello and Carni, JJ., concur.