In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Dwyer, S.M.), dated October 18, 2007, which denied his application for a downward modification of his child support obligation, and (2) an order of the same court (Eisman, J.) dated November 29, 2007, which denied his objections to the order dated October 18, 2007.
*676 Ordered that the appeal from the order dated October 18, 2007 is dismissed, without costs or disbursements, as that order was superseded by the order dated November 29, 2007; and it is further,
Ordered that the order dated November 29, 2007 is affirmed, without costs or disbursements.
The court providently exercised its discretion in denying the father’s application for a downward modification of his child support obligation because he failed to demonstrate a substantial and unanticipated change in circumstances warranting the modification (see Matter of Chupungco v Acompado, 47 AD3d 628, 629 [2008]; Matter of Talty v Talty, 42 AD3d 546, 547 [2007]). “ ‘A parent’s child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support’ ” (Matter of Solis v Marmolejos, 50 AD3d 691, 692 [2008], quoting Matter of Davis v Davis, 13 AD3d 623, 624 [2004]). The father failed to demonstrate that he was unable to provide support at the same level as directed in the divorce judgment. The tax returns presented by the father at a hearing did not present a clear picture of his finances, and did not support his testimony that he had no income outside of Social Security disability benefits (see Matter of Piernick v Nazinitsky, 48 AD3d 690 [2008]; see also Matter of Marrale v Marrale, 44 AD3d 773, 775 [2007]). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.