■ In the Matter of BARBARA RIPA, Respondent, v DENNIS RIPA, Appellant. [877 NYS2d 383]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Budd, J.), dated April 29, 2008, which denied his objections to an order of the same court (Buse, S.M.), dated January 15, 2008, denying, after a hearing, his petition to modify the child support provision of a judgment of divorce entered April 10, 2003.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly denied the father's objections to the Support Magistrate's order denying his petition to modify the child support provision contained in a stipulation of settlement which was incorporated but not merged into the parties' judgment of divorce (*see* Domestic Relations Law § 236 [B] [9] [b]; *Beard v Beard,* 300 AD2d 268 [2002]; *Brevetti v Brevetti,* 182 AD2d 606 [1992]). The child support provisions contained in a settlement agreement should not be disturbed unless there is a substantial, unanticipated, and unreasonable change in circumstances since the entry of the divorce judgment (*see Matter of Boden v Boden,* 42 NY2d 210, 212-213 [1977]; *Schlakman v Schlakman,* 38 AD3d 640, 641 [2007]; *Beard v Beard,* 300 AD2d 268 [2002]). Here, the burden was on the father to show that he used his best efforts to obtain employment commensurate with his qualifications and experience after losing his job (*see Matter of Navarro v Navarro,* 19 AD3d 499, 500 [2005]; *Matter of Clarke v Clarke,* 8 AD3d 272 [2004]; *Beard v Beard,* 300 AD2d 268 [2002]; *Matter of Yepes v Fichera,* 230 AD2d 803 [1996]). The record supports the Support Magistrate's finding that the father failed to establish a change in circumstances that would warrant a downward modification of his child support obligation (*see Matter of Muselevichus v Muselevichus,* 40 AD3d 997 [2007];

*Matter of Meyer v Meyer,* 205 AD2d 784 [1994]). In determining whether such a change of circumstances has been shown, a court need not rely upon the party's account of his or her finances, but may also impute income based upon the party's past income or demonstrated earning potential (*see Matter of Graves v Smith,* 284 AD2d 332 [2001]; *Zabezhanskaya v Dinhofer,* 274 AD2d 476 [2000]; *Matter of Diamond v Diamond,* 254 AD2d 288 [1998]). Here, the Support Magistrate found, in effect, that the father's tax returns and other financial documentation provided an incomplete account of his finances. In addition, at the hearing there was a "failure of proof as to exact circumstances under which the father lost his former employment, whether it was due to his fault, and whether he used his best efforts to obtain new employment commensurate with his qualifications and experience" (*Matter of Clarke v Clarke,* 8 AD3d 272, 272-273 [2004]; *see Matter of Navarro v Navarro,* 19 AD3d 499, 500 [2005]; *Beard v Beard,* 300 AD2d 268 [2002]). Accordingly, the Family Court properly denied the father's petition to modify the child support provision.

The father's remaining contention, that the court erred in failing to reduce the amount of child support arrears, is not properly before this Court, since the father did not appeal from the order denying his objections to the order fixing the amount of the arrears. Dillon, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.