[886 NYS2d 280]

In the Matter of TAKIYAH S. MASSEY, Respondent, v DAVID A. EVANS, Appellant.

Fourth Department, October 2, 2009

**APPEARANCES OF COUNSEL**

*Segal & Greenberg, LLP*, New York City (*Philip C. Segal* of counsel), for appellant.

*David J. Paulsen, County Attorney*, Watertown (*Kari K. Anderson* of counsel), for respondent.

**OPINION OF THE COURT**

Peradotto, J.

The sole issue presented in this appeal is whether military allowances for food and housing constitute "income" for the purposes of calculating a parent's child support obligation. Respondent father contends that Family Court erred in determining that his basic allowances for housing and subsistence (respectively, BAH and BAS), which he receives as a member of the United States Army, are income for child support purposes. We reject that contention, and we thus conclude that the order should be affirmed.

## Facts and Procedural History

Petitioner mother commenced this proceeding seeking a determination that respondent is the father of her then-two-year-old child and seeking an award of child support. After an order of filiation was entered, the parties stipulated that the mother earns $14,226 per year and that the father receives base pay from the military in the amount of $22,186.80 per year. The parties further stipulated that, in addition to his base pay, the father receives BAH in the amount of $10,776 per year and BAS in the amount of $3,533.16 per year. BAH is a monthly sum paid to members of the military who do not reside in government-supplied housing (*see* 37 USC § 403 [a] [1]; Army Regulation 37-104-4 ¶ 12-1). The amount of BAH, which is intended to offset the cost of civilian housing, varies according to the member's pay grade, geographic location, and dependency

status (*see* 37 USC § 403 [a] [1]; Army Regulation 37-104-4 ¶ 12-2). BAS is an additional monthly sum paid to active duty members to subsidize the cost of meals purchased for the benefit of the individual member on or off base (*see* 37 USC § 402 [a] [1]; Army Regulation 37-104-4 ¶ 11-3). The amount of BAS is based upon average food costs as determined by the federal government (*see* 37 USC § 402 [b]).

In lieu of a formal hearing, the parties submitted memoranda of law on the only remaining issue, i.e., whether and to what extent the court should include BAH and BAS in the income of the father in calculating his child support obligation. The Support Magistrate concluded, inter alia, that BAH and BAS constitute income for child support purposes, reasoning that the allowances are additional resources available to the father and intended to offset the cost of his meals and lodging. The father filed written objections to the order of the Support Magistrate, contending that, inter alia, BAS and BAH do not fall within the Family Court Act's definition of income because the allowances are excluded from income for federal tax purposes and are not for the father's personal use or benefit. The court denied the father's objections and affirmed the order of the Support Magistrate.

## Discussion

The specific question of whether military allowances may be included in a parent's income for child support purposes has never been addressed by a New York court. The Child Support Standards Act (CSSA), codified in Domestic Relations Law § 240 and Family Court Act § 413, establishes a formula for calculating a parent's basic child support obligation. One of the primary goals of the legislation is "to establish equitable support awards that provide a 'fair and reasonable sum' for the child's needs within the parents' means" (*Matter of Graby v Graby*, 87 NY2d 605, 609 [1996], *rearg denied* 88 NY2d 875 [1996], quoting Family Ct Act § 413 [1] [a]) and to enable children to "share in the economic status of both their parents" (Governor's Approval Mem, Bill Jacket, L 1989, ch 567, at 13). To that end, the amount of child support required by the statute is based in large part on a determination of parental income (*see* § 413 [1] [c]). Family Court Act § 413 (1) (b) (5) provides that a parent's "income" includes, but is not limited to, gross income as reported on the most recent federal income tax return and, to the extent not reflected in that amount, "income received"

from eight enumerated sources such as workers' compensation, disability benefits, unemployment insurance benefits, and veterans benefits.

The statute also affords courts considerable discretion to attribute or impute income from "such other resources as may be available to the parent" (Family Ct Act § 413 [1] [b] [5] [iv]; *see also Irene v Irene* [appeal No. 2], 41 AD3d 1179, 1180 [2007]; *Matter of Hurd v Hurd*, 303 AD2d 928 [2003]; *Matter of Klein v Klein*, 251 AD2d 733, 735 [1998]). Such resources include, but are not limited to,

> "meals, lodging, memberships, automobiles or other perquisites that are provided as part of compensation for employment to the extent that such perquisites constitute expenditures for personal use, or which expenditures directly or indirectly confer personal economic benefits [and] . . .

> "fringe benefits provided as part of compensation for employment" (§ 413 [1] [b] [5] [iv] [B], [C]).

In our view, the allowances that the father receives from the military fall within the CSSA's broad definition of income. Pursuant to the plain language of the statute, parental income "*shall not be limited to*" taxable income or to the specifically enumerated sources of compensation (Family Ct Act § 413 [1] [b] [5] [emphasis added]). The legislative history of the statute further supports our conclusion that the definition of "income" should be broadly construed to include the allowances at issue. For example, the Governor's Program Bill Memorandum notes that the statute

> "[d]efines 'income' as gross income for federal tax purposes *and income from all other sources* (e.g., workers' compensation, disability benefits, unemployment insurance benefits, social security benefits, interest on state and municipal bonds, veterans' benefits, retirement benefits) . . . plus, at the discretion of the court, imputed income" (Bill Jacket, L 1989, ch 567, at 8 [emphasis added]).

The father contends that BAH and BAS do not constitute "income" within the meaning of Family Court Act § 413 (1) (b) (5) because the allowances are excluded from income for federal income tax purposes (*see* Internal Revenue Code [26 USC] § 134 [a]). We reject that contention. As courts in other states have noted in rejecting similar contentions, the purposes underlying

the federal tax code and child support statutes are different. The objective of the former is to calculate an individual's taxable income, while the objective of the latter is to determine the amount that a parent can afford to pay for the support of his or her child (*see e.g. State, Dept. of Social Servs. ex rel. D.F. v L.T.*, 934 So 2d 687, 691-692 [La 2006]; *Alexander v Armstrong*, 415 Pa Super 263, 269, 609 A2d 183, 186 [1992]). As noted above, the CSSA does not limit a parent's income to the amount reported on the parent's income tax return (*see* Family Ct Act § 413 [1] [b] [5] [i]). To the contrary, the statute gives courts the "discretion to look beyond tax returns to determine actual expenses and income" (Governor's Program Bill Mem, Bill Jacket, L 1989, ch 567, at 11). Notably, veterans benefits are specifically included in the Family Court Act's definition of income, notwithstanding the fact that such benefits are excluded from taxable income under federal law (*see* § 413 [1] [b] [5] [iii] [E]).

The father further contends that BAH and BAS should be excluded from income for child support purposes because a military member's "pay" does not include military allowances pursuant to 37 USC § 101 (21). There is no merit to that contention. The federal statutory definition of "pay" is not relevant to the issue whether military allowances constitute income for purposes of calculating a member's child support obligation under New York law. In any event, federal law defines "regular compensation" or "regular military compensation" as

> "the total of the following elements that a member of a uniformed service accrues or receives, directly or indirectly, in cash or in kind every payday: basic pay, *basic allowance for housing, basic allowance for subsistence*; and Federal tax advantage accruing to the aforementioned allowances because they are not subject to Federal income tax" (37 USC § 101 [25] [emphasis added]).

Various federal regulations also support the conclusion that BAH and BAS are part of a member's compensation for military service (*see e.g.* 33 CFR 55.7 [" (t)otal family income" for purposes of child development services includes "incentive and special pay for service or anything else of value, even if not taxable, that was received for providing services," e.g., BAH and BAS]; 32 CFR 54.4 [allowances for subsistence and housing are included within a member's "disposable earnings" pursuant to 42 USC § 665 for purposes of calculating child support allotments]). Federal law thus recognizes that BAH, BAS and the as-

sociated tax advantages of such allowances provide members of the military with a valuable employment benefit that is not reflected in their base pay.

The father also contends that BAH and BAS are not "perquisites" within the meaning of Family Court Act § 413 because the allowances are not for his "personal use" and confer no "personal economic benefits" upon him (§ 413 [1] [b] [5] [iv] [B]). In support of that contention, the father relies on federal tax regulations for the proposition that the value of meals or lodging furnished to an employee for the convenience of his or her employer is excluded from gross income (*see* 26 CFR 1.61-21 [a] [2]). Even assuming, arguendo, that such regulations are relevant to the issue whether military allowances should be imputed as income for child support purposes under New York law, we note that meals and lodging furnished to an employee or his or her dependents are excluded from income only if "the meals are furnished on the business premises of the employer . . . [and] the employee is required to accept such lodging on the business premises of his [or her] employer as a condition of his [or her] employment" (Internal Revenue Code [26 USC] § 119 [a]). Here, the father receives BAS in the form of additional cash in his paycheck, which can be used to purchase meals or groceries at establishments of his choice, and BAH is applied to the father's choice of dwellings. There is thus no question that the food and housing allowances "directly or indirectly confer personal economic benefits" upon the father (Family Ct Act § 413 [1] [b] [5] [iv] [B]).

In light of the fact that this case presents an issue of first impression under New York law, it is instructive to look to the law of other states for guidance. The father has not cited, nor have we found, any cases holding that military allowances do not constitute income for child support purposes. To the contrary, courts in other states have uniformly held that military allowances are properly included in a parent's income for child support purposes (*see e.g. D.F.*, 934 So 2d at 688 [military allowances for housing and subsistence must be included in a parent's gross income for the purposes of calculating child support]; *State on Behalf of Hopkins v Batt*, 253 Neb 852, 865-866, 573 NW2d 425, 435 [1998] [district court properly included the nontaxable value of military housing and BAS as income in calculating the parent's child support obligation]; *Hautala v Hautala*, 417 NW2d 879, 881 [SD 1988] [trial court properly included military allowances in parent's income for purposes of

computing child support]; *see also Peterson v Peterson*, 98 NM 744, 747-748, 652 P2d 1195, 1198-1199 [1982] [military allowances may be garnished for child support payments]). We see no reason to depart from those persuasive cases.

We also reject the alternative contention of the father that the higher housing allowance he receives because he has a wife and a second child should be attributed to his wife and thus excluded from the calculation of his child support obligation for the child in question. The father receives that allowance as additional compensation for his military service (*see* 37 USC § 101 [25]). The fact that he receives the greater "with dependents" BAH rate (37 USC § 403 [a] [2]) to accommodate the higher costs associated with housing a family does not mean that the difference between the basic rate and the "with dependents" rate is income earned by his wife rather than him. A "dependent" is defined as, inter alia, a spouse or a minor child, including an "illegitimate child" (37 USC § 401 [a], [b] [1] [C]). The CSSA "is based on the principle that children are entitled to share in the income and standard of living of their parents, whether or not the parents are living together" (Letter from Sponsor, Bill Jacket, L 1989, ch 567, at 20). If the child who is the subject of the instant proceeding resided with the father and his new family, she would share in the benefits conferred by the higher BAH that he receives as a result of his dependency status. The parties' daughter should not be deprived of the benefit of that allowance simply because her parents do not live together.

## Conclusion

Accordingly, we conclude that the court properly exercised its discretion in including the military allowances received by the father in his income for the purposes of determining his child support obligation and that the order should be affirmed.

MARTOCHE, J.P., SMITH, CARNI and GREEN, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed, without costs.