■ In the Matter of LAWRENCE FREEDMAN, Appellant, v WENDE POGUST, Respondent. [909 NYS2d 139]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Klein, J.), entered February 9, 2009, which granted the mother's objections to an order of the same court (Krahulik, S.M.), entered June 5, 2008, granting his petition for a downward modification of child support, vacated the order entered June 5, 2008, and dismissed his petition for downward modification of child support.

Ordered that the order entered February 2, 2009, is affirmed, without costs or disbursements.

"Where . . . the parties have included child support provisions in their separation agreement, the court should consider these provisions as between the parties and the stipulated allocation of financial responsibility should not be freely disregarded . . . Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed" (*Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]; *see Matter of Ripa v Ripa*, 61 AD3d 766 [2009]; *Beard v Beard*, 300 AD2d 268, 269 [2002]). "Although a parent's loss of employment may constitute a change of circumstances warranting a downward modification where he or she has diligently sought reemployment, the proper amount of support payable is determined not by a parent's current economic situation, but by a parent's assets and earning powers" (*Beard v Beard*, 300 AD2d at 269 [citation omitted]).

The Support Magistrate improperly determined that the father established a substantial change of circumstances sufficient to warrant downward modification of his child support obligation. Where, as here, the income to which the father agreed for child support purposes, $90,000 per year, was only

$10,000 higher than the income he was actually earning at the time he filed the petition, he failed to show a substantial change in circumstances warranting a downward modification of his support obligation (*see Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]; *Matter of Kaffenberger v Kaffenberger*, 228 AD2d 743, 744 [1996]). Moreover, the father failed to show that the child support provisions of the agreement were unfair or inappropriate at the time they were made (*see Matter of Kaffenberger v Kaffenberger*, 228 AD2d at 744; *Gusler v Gusler*, 183 AD2d 1070, 1071 [1992]; *Nordhauser v Nordhauser*, 130 AD2d 561, 563 [1987]).

Accordingly, the Family Court properly granted the mother's objections to the Support Magistrate's order.

The father's remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.