■ In the Matter of JULIA SHVETSOVA, Respondent, v KONSTANTIN PADERNO, Appellant. [923 NYS2d 202]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Kings County (Sacco, J.), dated October 1, 2009, which denied his objection to so much of an order of the same court (Mayeri, S.M.) dated July 10, 2009, as, after a hearing, denied his petition for a downward modification of his child support obligation, as set forth in a prior order of child support dated September 6, 2001, and granted that branch of the mother's petition which was to adjudicate him in willful violation of the prior order of child support dated September 6, 2001, and (2) an order of the same court dated January 8, 2010, which committed him to the custody of the New York City Department of Corrections for a term of imprisonment of eight consecutive weekends with the opportunity to purge his contempt by payment of the sum of $5,000 toward his arrears.

Ordered that the order dated October 1, 2009, is reversed, on the law, without costs or disbursements, so much of the order dated July 10, 2009, as denied the father's petition for a downward modification of his child support obligations as set

forth in the order dated September 6, 2001, is vacated, and the matter is remitted to the Family Court, Kings County, for a new determination on the father's child support obligation and his liability for child support arrears and a new determination on the mother's petition to adjudicate the father in willful violation of the prior order of child support dated September 6, 2001, in accordance herewith; and it is further,

Ordered that the appeal from the order dated January 8, 2010, is dismissed as academic, without costs and disbursements, as the period of incarceration has expired (*see Matter of Heinz v Faljean*, 57 AD3d 665 [2008]; *Matter of Greene v Holmes*, 31 AD3d 760 [2006]).

"A party seeking downward modification of a support obligation has the burden of showing a change in circumstances and that he used his best efforts to obtain employment commensurate with his qualifications and experience" (*Matter of Piernick v Nazinitsky*, 48 AD3d 690 [2008]; *see Matter of Fragola v Alfaro*, 45 AD3d 684, 685 [2007]; *Matter of Navarro v Navarro*, 19 AD3d 499, 500 [2005]). "In determining a change of circumstances, a court need not rely upon the party's account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Matter of Piernick v Nazinitsky*, 48 AD3d at 690; *see Matter of Ripa v Ripa*, 61 AD3d 766, 767 [2009]; *Matter of Graves v Smith*, 284 AD2d 332, 333 [2001]). However, "[w]hile a support magistrate is afforded considerable discretion in determining whether to impute income to a parent, a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (*Matter of Ambrose v Felice*, 45 AD3d 581, 582 [2007] [internal quotation marks and citations omitted]; *see Matter of Gravenese v Marchese*, 57 AD3d 992, 993 [2008]; *Matter of Lutz v Lutz*, 50 AD3d 906 [2008]).

Here, although the Family Court did not explicitly state the amount of income imputed to the father, in effect, it imputed to him an income of $80,000, since it left in place the basic support obligation previously determined, which was based on the father's income in 2001, when he was employed by JP Morgan. This was an improvident exercise of discretion, as it was undisputed that the father had been laid off from JP Morgan in 2002, and is now employed at a much lower salary as a quality assurance technician. The father further established that, despite his efforts to secure employment commensurate with his experience and prior salary, he was unable to secure such employment. The record supports the Family Court's finding

that the father's "true income" was "greater than his reported annual income of $26,000," as well as its finding that he was "actually earning more at his current job, than his documents reflect." However, there was no support in the record for imputing a salary of $80,000 to the father at his current job. Accordingly, we reverse the order dated October 1, 2009, and remit the matter to the Family Court, Kings County, so that a proper income determination can be made.

Proof of failure to pay child support as ordered constitutes prima facie evidence of willful violation of an order of support (*see* Family Ct Act § 454 [3] [a]), thus "shifting to respondent the burden of going forward" (*Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). To meet his burden of proof going forward, the respondent must rebut the petitioner's prima facie evidence of a willful violation by offering "some competent, credible evidence of his inability to make the required payments" (*id.* at 70; *see* Family Ct Act § 454 [3] [a]; *Matter of Gorsky v Kessler*, 79 AD3d 746 [2010]; *Matter of Brennan v Burger*, 63 AD3d 922, 923 [2009]; *Yeager v Yeager*, 38 AD3d 534 [2007]).

Here, since the Support Magistrate never made any specific findings as to the amount of the father's income, it was improper for the Family Court to conclude that the father's failure to pay $365 per week in child support was willful. Accordingly, the Family Court should have denied the mother's petition to adjudicate the father to be in willful violation of a prior child support order. Since the father already served the term of incarceration imposed upon him in connection with the mother's petition, we are constrained to dismiss his appeal from the order of commitment as academic. Dillon, J.P., Florio, Balkin and Eng, JJ., concur.