■ In the Matter of CRAIG UHER, Appellant, v ANNE UHER, Respondent. (Proceeding No. 1.) In the Matter of ANNE UHER, Respondent, v CRAIG UHER, Appellant. (Proceeding No. 2.) [930 NYS2d 468]—

A party seeking downward modification of a child support obligation has the burden of establishing a change in circumstances (see Matter of Dinhofer v Zabezhanskaya, 79 AD3d 1039, 1040 [2010]; Matter of Piernick v Nazinitsky, 48 AD3d 690 [2008]). "A parent's loss of employment may constitute a change of circumstances warranting a downward modification of child support if it is demonstrated that the noncustodial parent has diligently sought reemployment" (Matter of McAndrew v McAndrew, 84 AD3d 1381, 1382 [2011]; see Ritchey v Ritchey, 82 AD3d 948, 949 [2011]). Here, however, the father failed to establish that he made a good faith effort to obtain new employment commensurate with his qualifications and experience (see Matter of Awwad v Awwad, 62 AD3d 695 [2009]; Matter of D'Altilio v D'Altilio, 14 AD3d 701 [2005]).

Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order denying the father's petition for a downward modification of his child support obligation.

The father's remaining contentions are either without merit or not properly before this Court (see Matter of Betancourt v Betancourt, 71 AD3d 764 [2010]). Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.