OPINION OF THE COURT
Michael L. Hanuszczak, J.
On March 19, 2012, the attorney for the petitioner filed an objection to the decision/order, which was filed and entered on March 2, 2012. An affidavit of service has been filed with the court, indicating proper service of the objection upon the attorney for the respondent. On April 12, 2012, the court received a copy of the transcript of the support hearing. No rebuttal was received from the respondent.
On September 9, 2011, the petitioner filed an application seeking to modify the parties’ divorce decree signed on September 1, 2011 and entered on September 6, 2011. The petitioner alleged the following changes of circumstance: the judgment of divorce states that he has a right to apply for a modification of child support within 30 days of the divorce if he is not employed; and the petitioner is working for less than he did in 2010, as 2010 was an exceptional year. The petitioner requested a downward modification of the support order and also that the modification be retroactive to July 8, 2011 as the respondent delayed the submission of the divorce papers for signature.
The Support Magistrate conducted a hearing on February 12, 2012. Both parties were present, together with their attorneys. The Support Magistrate found that the petitioner did not demonstrate that his income for 2011 was less than his income was in 2010 when factoring his fringe benefits into his hourly rate of pay. The Support Magistrate also found that the petitioner did not provide proof of his actual business expenses. Based upon these findings, the Support Magistrate concluded that the petitioner had not demonstrated a sufficient change in circum *396 stances such that a modification of the support order was warranted and dismissed the petition with prejudice.
The attorney for the petitioner argues that the fringe benefits provided to the petitioner through his union are not a part of his salary in that he does not receive these monies. The attorney stated that the petitioner’s W-2 statements, which were received into evidence, indicate that he receives only the union base rate of $28.55 per hour and not the amount in excess of $45 per hour ascribed to him by the Support Magistrate.
It is well settled that the Child Support Standards Act (CSSA) does not limit a parent’s income to the amount reported as taxable income on the income tax return. In part, this is due to the fact that the purpose of the CSSA is to determine the amount that a parent can afford to pay for the support of a child rather than to a tax obligation. (Matter of Massey v Evans, 68 AD3d 79 [2009].) For example, section 413 (1) (b) (5) (iv) (C) of the Family Court Act provides that the court may impute to gross income an amount which considers “fringe benefits provided as part of compensation for employment.”
Petitioner’s exhibit 4, which was received into evidence at trial, contains a summary of the regular wages and fringe benefits paid to the members of the International Association of Heat & Frost Insulators and Allied Workers Local 30 from May 1, 2011 through April 30, 2012. The exhibit shows that the base rate is $28.55 per hour with additional hourly rates for the following benefits: pension fund, welfare fund, annuity fund, apprenticeship fund, industry advancement fund, and LMCT. When the base rate and the fringe benefits are added, the total is $45.35 per hour, which is the amount cited by the Support Magistrate.
In a case of first impression, this court agrees that not all union fringe benefits should be counted as income for the purposes of calculating child support. As a general rule, the court finds that such benefits must be regularly or periodically received by the recipient or must reduce the recipient’s living expenses to be considered as a part of a parent’s gross income. In this regard, the court finds the reasoning of a 2007 unpublished Kansas Court of Appeals decision to be persuasive on this subject. (In re Marriage of Woolsey, 153 P3d 570, WL 806022 [2007].) For example, the amount contributed by an employer to the employee’s pension fund, 401(k) account, or health insurance premium would not be imputed to gross income for the purpose of calculating child support. However, an allowance for *397 a vehicle or cell phone which is used for personal use would be considered for inclusion in the gross income amount. Such a rule would be applied by the court on a case-by-case basis taking into consideration the evidence adduced at trial on that particular proceeding.
There is insufficient information in the record before this court to determine which, if any, of the petitioner’s union fringe benefits should be counted as gross income for the purpose of calculating child support. However, the court finds that there is a sufficient basis to affirm the decision of the Support Magistrate based upon other evidence in the record at trial.
As a preliminary matter, the court notes that the parties’ judgment of divorce provides that the petitioner may file a petition to modify his child support obligation within 30 days of the date of the judgment provided he is unemployed. However, the record shows that the petitioner was employed at [redacted] during the pendency of the petition.
Irrespective of his employment status, this court finds that the petitioner did not demonstrate an adequate change of circumstances in support of a downward modification of his child support obligation. A downward modification of child support is granted when a party demonstrates that there has been a change in circumstances since the entry of the last support order which necessitates a reduction of the child support award. (Leroy v Leroy, 298 AD2d 923 [2002].) It is well-settled that child support is determined by the parent’s assets and ability to provide for the child rather than the parent’s current economic situation. (Matter of Crosby v Hickey, 289 AD2d 1013 [2001].)
While the evidence shows that the petitioner earned less money in 2011 than in 2010, there is no indication that he made any effort to make up for the loss of earnings by seeking other, or additional, employment. Indeed, in his explanation of the amount of unemployment benefits he received in 2011, the petitioner testified that he was not eligible to receive unemployment compensation for a five-week period as he chose to take a “vacation” during those weeks. He further testified that during that period he took his children on a cruise, spent a week in Canada, and spent the rest of the time at home. Although the loss of employment or the reduction in employment may constitute a change in circumstances warranting the modification of the child support amount, the moving parent must demonstrate a good-faith effort to obtain employment commensurate with that parent’s qualifications and experience. (Matter of D’Altilio *398 v D’Altilio, 14 AD3d 701 [2005].) The record is devoid of any such proof and, under these circumstances, the petitioner may not seek a downward modification of his support obligation.
Accordingly, the petitioner’s objection is hereby denied.