Order, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about March 9, 2012, which denied respondent’s objections to the Support Magistrate’s order denying his petition for a downward modification of the support order and granting the petition for an upward modification, unanimously affirmed, without costs.
Respondent failed to submit credible evidence of his income, assets or means of support, and therefore did not meet his burden of showing an inability to pay his court-ordered child support so as to rebut petitioner’s prima facie evidence of a willful violation of the support order (see Matter of Powers v Powers, 86 NY2d 63 [1995]).
Although respondent presented evidence that he was terminated from his job after taking an extended medical leave, he failed to establish that he thereafter “used his best efforts to obtain employment commensurate with his qualifications and experience” so as to show that his loss of employment constituted a change of circumstances warranting a downward modification (see Matter of Heyward v Goldman, 23 AD3d 468, 469 [2d Dept 2005] [internal quotation marks omitted]).
Eetitioner established a decrease in her salary, and, as set forth in her financial disclosure affidavit, increases in her rent, child care, and food expenses, thereby showing a substantial change in her circumstances sufficient to warrant an upward modification (see Webb v Webb, 197 AD2d 847 [4th Dept 1993]; *575 Beck v Beck, 236 AD2d 703 [3d Dept 1997]). The Support Magistrate properly credited petitioner’s explanation that she was forced to accept a decrease in pay or risk termination of her employment (see Matter of Heyward, 23 AD3d at 469).
Concur— Tom, J.E, Sweeny, Saxe, Román and Feinman, JJ.