Ryan v Ryan (2021 NY Slip Op 04802)





Ryan v Ryan


2021 NY Slip Op 04802


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, WINSLOW, AND BANNISTER, JJ.


247 CA 20-00395

[*1]KAREN L. RYAN, PLAINTIFF-RESPONDENT,
v
JOHN B. RYAN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GERMAIN & GERMAIN, LLP, SYRACUSE (GALEN F. HAAB OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered August 8, 2019. The order, inter alia, denied that part of defendant's application seeking to terminate his spousal maintenance obligation and recalculated defendant's child support obligation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff and defendant divorced in 2016. Pursuant to the terms of the parties' oral stipulation, which was incorporated but not merged into the judgment of divorce, defendant was, among other things, required to pay plaintiff spousal maintenance and child support for the benefit of the parties' six children. In 2017, defendant moved by order to show cause for an order, inter alia, terminating his obligation to pay spousal maintenance and recalculating and reducing his child support obligation due to his health issues and inability to continue working as a surgeon. Supreme Court, after a hearing, recalculated the parties' child support obligations and denied that part of defendant's application seeking to terminate his obligation to pay spousal maintenance and reduce his child support obligation. We affirm.
We reject defendant's contention that the court, in recalculating the parties' child support obligations, erred in imputing income to him. "Trial courts . . . possess considerable discretion to impute income in fashioning a child support award . . . , and a court is not required to find that a parent deliberately reduced his or her income to avoid a child support obligation before imputing income to that parent" (Belkhir v Amrane-Belkhir, 118 AD3d 1396, 1398 [4th Dept 2014] [internal quotation marks omitted]; see Irene v Irene [appeal No. 2], 41 AD3d 1179, 1180 [4th Dept 2007]). Child support is determined by the parents' ability to provide for their children rather than their current economic situation (see Irene, 41 AD3d at 1180), and the record supports the court's discretionary determination to impute income to defendant based on, inter alia, his employment history and earning capacity (see Matter of Drake v Drake, 185 AD3d 1382, 1383 [4th Dept 2020], lv denied 36 NY3d 909 [2021]; Matter of Deshotel v Mandile, 151 AD3d 1811, 1812 [4th Dept 2017]).
Defendant contends that the court erred in refusing to grant a downward modification with respect to his child support and spousal maintenance obligations. We reject that contention and conclude that the court did not abuse its discretion in determining that defendant had the ability to meet those obligations (see Jelfo v Jelfo, 81 AD3d 1255, 1257 [4th Dept 2011]).
With respect to defendant's child support obligation, a "parent seeking to modify a child support order arising out of an agreement or stipulation must demonstrate that the agreement was unfair when entered into or that there has been a substantial, unanticipated and unreasonable [*2]change in circumstances warranting a downward modification" (Matter of Brink v Brink, 147 AD3d 1443, 1444 [4th Dept 2017] [internal quotation marks omitted]). In addition, the parent "must submit competent proof that the change in circumstance was not of his or her own making and that the parent thereafter made a good-faith effort to obtain employment commensurate with his or her qualifications and experience" (Ashmore v Ashmore, 114 AD3d 712, 713 [2d Dept 2014], appeal dismissed 24 NY3d 974 [2014]).
Here, the court determined and the record establishes that defendant's change in circumstance, i.e., his medical disability, was not of his own making. Defendant failed to demonstrate, however, that he made a good-faith or diligent effort to obtain employment commensurate with his ability, qualifications, and experience such that a downward modification is warranted (see id.; see also Gray v Gray, 52 AD3d 1287, 1288 [4th Dept 2008], lv denied 11 NY3d 706 [2008]). Defendant testified that he did not conduct a job search or attempt to replace his lost income because he hoped to return to his medical practice after his surgery. Furthermore, although defendant obtained employment as an administrative consultant at a hospital after his surgery, he was fired from that position and thereafter made only one inquiry about potentially obtaining a teaching position (cf. Matter of Glinski v Glinski, 199 AD2d 994, 994-995 [4th Dept 1993]).
Even assuming, arguendo, that defendant demonstrated that he made a good-faith or diligent effort to obtain employment to replace his lost income, we conclude that a downward modification of defendant's child support obligation is unwarranted because the record establishes that, in addition to his non-taxable disability income, defendant has substantial assets, and "the proper amount of support payable is determined not by a parent's current economic situation, but by a parent's assets and earning powers" (Ashmore, 114 AD3d at 713).
With respect to defendant's spousal maintenance obligation, as the party moving to modify an order or judgment incorporating the terms of a stipulation regarding spousal maintenance, defendant bore the burden of establishing that the continued enforcement of his maintenance obligation would create an "extreme hardship" (Sayers v Sayers, 129 AD3d 1519, 1520 [4th Dept 2015]; see Domestic Relations Law § 236 [B] [9] [b] [1]), which he failed to do.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court